IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. HOLCOMBE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00195-TFM-B |
| | * |
| MOBILE POLICE DEPARTMENT, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] On June 17, 2024, Plaintiff Wendy M. Williams Holcombe, who is proceeding without an attorney, filed an untitled document that the Court construed as a complaint in a civil action. (Doc. 1). When she initiated this action, Holcombe neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required.

In her complaint, Holcombe asserted that "certain members within the Mobile Police Department have engaged in organized crime activities." (Id. at 1). Holcombe alleged that these activities included: "unwarranted surveillance, intimidation, and harassment of me/us/they/we/you who have expressed dissent against the department or who are perceived as threats to certain officers'

---

[1] This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 2).

1

interests"; abuse of power and authority through "unlawful searches and seizures, false arrests, and physical assaults, particularly targeting vulnerable populations such as minorities and socioeconomically disadvantaged communities"; involvement in "[c]orruption" and "protection rackets, providing cover for illegal activities in exchange for financial gain or other favors"; fabricating evidence and coercing witnesses to secure convictions; and "efforts to suppress internal dissent within the department, including retaliation against whistleblowers and officers who have attempted to report misconduct." (Id. at 1-2).

Holcombe claimed that the "actions of the Mobile Police Department as outlined above constitute serious violations of constitutional and human rights," including Fourth Amendment rights to be free from unreasonable searches and seizures, the First Amendment right to free speech, Fifth and Fourteenth Amendment rights to due process and equal protection under the law, and Eighth Amendment rights to be free from excessive force and cruel and unusual punishment. (Id. at 2).

"In light of" her "grave allegations," Holcombe "urge[d] the appropriate authorities, including but not limited to the Department of Justice and other relevant oversight bodies," to thoroughly investigate the Mobile Police Department's practices, take "[i]mmediate action" to hold those responsible for the alleged violations accountable, and "implement reforms that ensure

2

transparency, accountability, and respect for constitutional and human rights within the department." (Id. at 3). Holcombe also "ask[ed] for 16 million dollars" and requested an apology "for the wrongful acts committed by the[ir] department." (Id.).

In an order dated June 24, 2024, the Court found that Holcombe's complaint was an impermissible shotgun pleading that failed to comply with federal pleading standards. (Doc. 3). First, the Court noted that Holcombe's complaint violated Federal Rule of Civil Procedure 10(b) because it failed to make clear what causes of action she was asserting, it did not separate her claims for relief or causes of action into different counts, and it failed "to state her allegations 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'" (Id. at 6 (quoting Fed. R. Civ. P. 10(b))). The Court further noted that Holcombe's complaint consisted "almost entirely of vague, conclusory, and sweeping assertions" that were "not obviously connected to any particular cause of action or claim for relief." (Id. at 6-7). The Court observed that Holcombe provided no factual details to support her ill-defined claims and instead offered only "bare and generalized assertions," which were "insufficient to state a plausible claim for relief or to provide adequate notice of the underlying factual basis for her claims." (Id. at 7). The Court also found that Holcombe's complaint violated "the requirement that allegations in a complaint 'must be simple,

concise, and *direct*.'" (Id. (emphasis in original) (quoting Fed. R. Civ. P. 8(d)(1))). Specifically, the Court noted that Holcombe provided "only general and indirect allegations of wrongdoing" and repeatedly prefaced her assertions by stating that there had been "reports," "allegations," "testimonies," or "instances" of misconduct within the Mobile Police Department, without providing any factual details about these incidents or indicating that she was personally involved with or affected by the activities alleged. (Id.). Finally, the Court noted that Holcombe's complaint improperly purported to assert claims on behalf of the "community of Mobile" or "residents of Mobile" based on incidents or events in which Holcombe was not personally involved, and it explained to Holcombe that she could not "assert claims on behalf of other residents or the community as a whole, nor does she have standing to sue based on injuries suffered by others from events she was not involved in." (Id. at 8).

The Court struck Holcombe's complaint as an impermissible shotgun pleading and granted her leave to file an amended complaint addressing and correcting the noted deficiencies in her original complaint by July 24, 2024. (Id. at 9). The Court also noted Holcombe's failure to pay the filing fee or file a motion to proceed without prepayment of fees, and it ordered Holcombe to either pay the $405.00 filing and administrative fee for a civil action or file a motion to proceed without prepayment of fees by

4

July 24, 2024. (Id. at 11). The undersigned cautioned Holcombe that failure to timely comply with the Court's directives would result in a recommendation that this action be dismissed. (Id. at 11-12).[2]

To date, Holcombe has not filed an amended complaint, despite being ordered to do so no later than July 24, 2024. Likewise, Holcombe has neither paid the filing fee nor filed a motion to proceed without prepayment of fees as ordered.[3] Holcombe has not requested additional time within which to comply with the Court's order, she has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely comply with the Court's directives. Additionally, the docket reflects that none of the orders or documents sent to Holcombe in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal

---

[2] The undersigned directed the Clerk of Court to send Holcombe a copy of this Court's form for a motion to proceed without prepayment of fees and noted that Holcombe had already been provided with a copy of this Court's Pro Se Litigant Handbook. (Doc. 3 at 11-12). The undersigned encouraged Holcombe to review the Pro Se Litigant Handbook carefully and utilize it in drafting her amended complaint so as to avoid repetition of her pleading errors. (Id. at 11).

[3] On July 16, 2024, Holcombe filed two 2013 business licenses from the City of Spanish Fort, Alabama. (Doc. 4). It is unclear how these licenses are relevant to Holcombe's claims against the Mobile Police Department in this action.

Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Holcombe has made no apparent attempt to comply with the Court's order directing her to file an amended complaint and to either pay the filing fee or file a motion to proceed without prepayment of fees by July 24, 2024, despite the undersigned's clear warning that her failure to timely comply with the Court's order would result in a recommendation that this action

6

be dismissed.  Holcombe has not explained her failure to comply with the Court's order, she has not indicated that she is unable to comply, and she has not sought additional time within which to comply.  Holcombe's failure to comply with this Court's directives suggests that she has abandoned the prosecution of this action.  In light of Holcombe's failure to prosecute this action, and her failure to obey this Court's order by timely filing a complying amended complaint and either paying the filing fee or filing a motion to proceed without prepayment of fees as directed, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce her compliance with the Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

7

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **August, 2024.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**